COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


WENDELL KIRK DEAN

                                                    OPINION BY
v.        Record No. 1590-11-2              JUDGE LARRY G. ELDER
                                                    DECEMBER 4, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
J. Howe Brown, Jr., Judge Designate

Amy E. Thorpe, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


Wendell Kirk Dean (appellant) appeals his two jury trial convictions for robbery, a third

or subsequent offense, in violation of Code §§ 18.2-58 and 19.2-297.1, for which he received

two mandatory life sentences.  On appeal, he contends the trial court erred in admitting evidence

of two prior Maryland convictions for robbery because these convictions were not for offenses

"substantially similar" to those listed in Code § 19.2-297.1.  We agree.  Thus, we reverse

appellant's convictions for robbery, a third or subsequent offense under that code section, and

remand for a new trial.[1]

_____

[1] Appellant contends the Maryland conviction documents were inadmissible for three
additional reasons:  because they (1) constituted testimonial hearsay in violation of his Sixth
Amendment right of confrontation; (2) did not constitute orders of conviction under Code
§ 19.2-307; and (3) failed to meet the authentication requirements of Code § 8.01-389.  Because
we hold the prior Maryland convictions were for crimes not substantially similar to those in
Code § 19.2-297.1 and, thus, were improperly admitted on this ground, we need not consider
appellant's other assignments of error.

## I. BACKGROUND

Appellant robbed two different banks in Spotsylvania County in November 2010 and was apprehended while fleeing from the scene of the second robbery. After being arrested and advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), appellant confessed to the second robbery and also said he had served time in Maryland for "prior robberies." The bank tellers in both Spotsylvania County robberies identified appellant as the perpetrator.

Appellant was indicted for two counts of robbery, third or subsequent offense. The Commonwealth notified appellant of its intent to rely on two prior Maryland convictions for robbery to prove the predicate offenses. Appellant moved to exclude the prior Maryland convictions, but the trial court ruled the records of those convictions would be admitted.

At trial, the Commonwealth's evidence proved appellant committed the two charged Spotsylvania County robberies. The Commonwealth's evidence also established that appellant was convicted in Maryland in 1983 for the 1982 robbery of a movie theater manager, against whom he used a "dangerous and deadly weapon" to steal $3,500 in U.S. currency. It also proved appellant was convicted in Maryland in 1992 for the 1992 robbery of a McDonald's employee, against whom he used a "dangerous and deadly weapon" to steal $2,000 in U.S. currency. Based on that evidence, appellant was convicted of robbery, a third or subsequent offense, and pursuant to Code § 19.2-297.1, he was sentenced to a mandatory term of imprisonment for life.

Following appellant's conviction and sentencing, he noted the instant appeal.

## II. ANALYSIS

Generally, "[w]e review a circuit court's decision to admit or exclude evidence under an abuse of discretion standard and, on appeal, will not disturb [that] decision . . . absent a finding of abuse of that discretion." Herndon v. Commonwealth, 280 Va. 138, 143, 694 S.E.2d 618, 620

(2010).  However, "'[a circuit] court by definition abuses its discretion when it makes an error of law. . . .  The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'"  Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (alteration in original) (quoting Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047-48, 135 L. Ed. 2d 392, 414 (1996)).  Therefore, to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review.  Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011).

Appellant was convicted and sentenced pursuant to Code § 19.2-297.1, which provides in relevant part as follows:

> Any person convicted of two or more separate acts of violence . . . and who has been at liberty . . . between each conviction, shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have all or any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of two or more such acts of violence.

Code § 19.2-297.1(A).  The statute further provides that "[f]or the purposes of this section, '*act of violence*' means[, *inter alia*,] . . . [r]obbery under § 18.2-58."  Code § 19.2-297.1(A)(i)(e).  Finally, the statute provides that necessary predicate convictions "shall include convictions under the laws of any state or of the United States for any offense *substantially similar* to those listed under 'acts of violence' if such offense would be a felony if committed in the Commonwealth."  Code § 19.2-297.1(B) (emphasis added).

No Virginia appellate court has previously determined what qualifies as an offense "substantially similar to those listed under 'acts of violence'" for purposes of Code § 19.2-297.1.  However, "[t]he validity of using other Code sections as interpretive guides is well established.  The Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed."  King v. Commonwealth, 2 Va. App. 708, 710, 347 S.E.2d

- 3 -

530, 531 (1986). Therefore, in determining what this "substantially similar" language means in Code § 19.2-297.1, we consider how this same language in other statutes has been interpreted. "Finally, a court must strictly construe a penal statute against the Commonwealth and limit its application to cases falling clearly within the statute." Courtney v. Commonwealth, 281 Va. 363, 369, 706 S.E.2d 344, 347 (2011).

Virginia's appellate courts have set out several salient principles relevant to our analysis of whether the offense of robbery in Maryland is substantially similar to the offense of robbery in Virginia. First, the Commonwealth bears the burden of proving an out-of-state conviction was obtained under laws substantially similar to those of the Commonwealth. Shinault v. Commonwealth, 228 Va. 269, 271, 321 S.E.2d 652, 654 (1984). If the Commonwealth shows substantial similarity, the burden shifts to the defendant to produce "evidence of dissimilarity." Rufty v. Commonwealth, 221 Va. 836, 839, 275 S.E.2d 584, 586 (1981).

Proving substantial similarity between two states' laws requires showing more than "a general likeness." Shinault, 228 Va. at 271, 321 S.E.2d at 654. However, the laws need not be substantially similar "in every respect." Cox v. Commonwealth, 13 Va. App. 328, 330-31 & n.2, 411 S.E.2d 444, 445-46 & n.2 (1991) (holding Code § 18.2-270's requirement of "substantial[] similar[ity]" is *essentially the same* as "substantial[] conform[ity]" required by the habitual offender provisions of Code § 46.2-351 and applying substantial similarity decisions to decide a substantial conformity case (emphasis added)); see also Turner v. Commonwealth, 38 Va. App. 851, 860 n.4, 568 S.E.2d 468, 472 n.4 (2002) (recognizing Virginia case law has equated substantial similarity and substantial conformity and applying the test in Cox, which involved an issue of substantial conformity, to decide a substantial similarity case). "In making this determination, we look to the elements of the two [offenses] rather than to the offender's conduct." Commonwealth v. Ayers, 17 Va. App. 401, 402, 437 S.E.2d 580, 581 (1993).

Key to our analysis here is the established principle that a crime in another state is not "substantially similar" to the most closely corresponding crime under Virginia law if the other state's law "permits convictions for acts which could not be the basis for convictions under [the Virginia law at issue]." Cox, 13 Va. App. at 330-31, 333, 411 S.E.2d at 446, quoted with approval in Turner, 38 Va. App. at 860-62, 568 S.E.2d at 472-73 (holding the crime of housebreaking in violation of the Uniform Code of Military Justice (UCMJ) was not "substantially similar" to any relevant Virginia statute because "a person could be convicted of 'Housebreaking' under the UCMJ without evidence of elements indispensable to violations of [the relevant Virginia statutes]"). Compare Medici v. Commonwealth, 260 Va. 223, 230, 532 S.E.2d 28, 32 (2000) ("[W]e need only compare the Virginia rape statute with the subsection of the California statute under which Medici was charged and convicted."), overruled on other grounds, 270 Va. 325, 333, 619 S.E.2d 71, 76 (2005), with Cox, 13 Va. App. at 331, 411 S.E.2d at 446 (in applying the elements test to a prior conviction under a city ordinance, holding that if the record of the prior conviction "does not identify the specific [subdivision] of the ordinance," the court "must examine the entire [ordinance] to see if it permits convictions not permitted under [the Virginia statute]").

For example, another state's DUI statute is not substantially similar to Virginia's where Virginia's contains a rebuttable presumption of intoxication based on blood alcohol content, and the other state's statute contains a conclusive presumption based on that same information. Shinault, 228 Va. at 271-72, 321 S.E.2d at 654; see Cox, 13 Va. App. at 329, 331, 411 S.E.2d at 445, 446 (holding a West Virginia DUI ordinance was "substantially broader [than the related Virginia statute], encompassing additional offenses," and, thus, that it was not substantially conforming). Because the defendant could have been convicted, under the other state's statute, of behavior which would not have been a crime in Virginia, the other statute is not substantially

similar. Cox, 13 Va. App. at 330-31, 411 S.E.2d at 446; see Turner, 38 Va. App. at 860-62, 568 S.E.2d at 472-73; see also United States v. Thomas, 367 F.3d 194, 197-99 (4th Cir. 2004) (reaching the same conclusion under the Assimilative Crimes Act, 18 U.S.C. § 13, "which assimilated Virginia's DWI statutes" in a fourth-offense "DWI" case committed on federal property in Virginia, because the Maryland statute under which the appellant sustained his three prior convictions, like the North Carolina statute in Shinault, involved a conclusive presumption rather than a rebuttable one like Virginia's); cf. State v. Rajo, 245 P.3d 219, 220-21 & n.3 (Utah Ct. App. 2010) (holding that in "the inverse of the Thomas [situation]"—where the in-state DUI statute under which the defendant was convicted was broader than the out-of-state statute, such that the defendant *could* have been convicted in-state for the behavior which resulted in his out-of-state conviction—the statutes were substantially similar for purposes of sentencing enhancement); State v. Schmoll, 172 P.3d 555, 559 n.1 (Idaho Ct. App. 2007) (same).

We consider appellant's 1983 and 1992 Maryland convictions for robbery with a deadly weapon in light of these principles. In Virginia, the offense of robbery is a common law crime. E.g., Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004). Robbery was also a wholly common law crime in Maryland at the time of appellant's commission of, and conviction for, the relevant predicate offenses in that state. E.g., Smith v. State, 985 A.2d 1204, 1207 n.1 (Md. 2009).[2] Virginia defines robbery as "'the taking, with intent to steal, of the personal

---

[2] Although Maryland's highest court continues to define robbery as a common law crime, it recognizes that the state legislature has acted to expand the definition of robbery beyond its common law roots. Smith, 985 A.2d at 1207 n.1; Allen v. State, 857 A.2d 101, 128 (Md. Ct. Spec. App. 2004) (noting statutory robbery offense came into existence as of October 1, 2000), aff'd on other grounds, 875 A.2d 724 (Md. 2005); see 2000 Md. Laws ch. 288 (in the portion of the code addressing robbery, adding definitions of "deprive" and "obtain") (codified at Md. Code Ann. Crim. Law § 486(a)); see also 2002 Md. Laws ch. 26, § 2 (recodifying this title of the Maryland Code and clarifying how the 2000 amendments apply to the offense of robbery). The Maryland Code now provides as follows:

property of another, from his person or in his presence, against his will, by violence or intimidation.'" George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991) (quoting Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964)). Maryland defines the common law component of robbery as "'the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear.'" Darby v. State, 239 A.2d 584, 588 (Md. Ct. Spec. App. 1968) (quoting William L. Clark & William L. Marshall, A Treatise on the Law of Crimes § 12.09, at 781 (Melvin F. Wingersky ed., 6th ed. 1958)). In both states, the punishment for robbery is statutory. E.g., Va. Code §§ 18.2-58, 19.2-297.1; Darby, 239 A.2d at 588 (citing Md. Code Ann. Crim. Law § 486). Both states also include robbery with a deadly weapon as a species of robbery. See Va. Code

---

> Robbery. – "Robbery" retains its judicially determined meaning except that:
>
> (1) robbery includes obtaining the services of another by force or threat of force; and
>
> (2) robbery requires proof of intent to withhold the property of another:
>
> > (i) permanently;
> >
> > (ii) for a period that results in the appropriation of a part of the property's value;
> >
> > (iii) with the purpose to restore it only on payment of a reward or other compensation; or
> >
> > (iv) to dispose of the property or use or deal with the property in a manner that makes it unlikely that the owner will recover it.

Md. Code Ann. Crim. Law § 3-401(e) (2002). Because this expanded definition of robbery did not take effect until well *after* appellant's Maryland convictions for robbery, we evaluate the offense of robbery as it was defined in Maryland *prior* to that statutory expansion. Unless otherwise specified, all subsequent references to the Maryland Code are to the language of the statutes as they existed during the 1983-to-1992 time frame.

§ 18.2-58; Md. Code Ann. Crim. Law § 488; Darby, 239 A.2d at 588-89 (indicating "the crime was robbery [at common law] whether or not the violence or putting in fear was by means of a dangerous or deadly weapon").[3]

Appellant concedes on brief that Maryland's basic definition of robbery is "similar" to Virginia's. He nevertheless contends a distinct difference exists in the development of the common law in these two states which prevents the offense of robbery in Maryland from being "substantially similar," within the meaning of Code § 19.2-297.1, to the offense of robbery in Virginia. He points to the requirement of Virginia law that the intent to steal must have existed before or at the time the force or violence was used. He contends Maryland law, by contrast, does not require that the intent to steal precede or co-exist with the violence. Instead, he argues, it permits a conviction for robbery even if the intent to steal is formed only *after* the force or violence, as an "afterthought," as long as it occurs as part of the same general events and coexists with the later taking. We agree with appellant's claim that the offenses are not substantially similar, such that reversal of his convictions is required.[4]

In Virginia, the common law makes clear that proof of an intent to steal which arises merely as an afterthought to the application of force, rather than prior to or concurrently with it, is insufficient to prove robbery. In Branch v. Commonwealth, 225 Va. 91, 300 S.E.2d 758 (1983), the Court noted "a temporal correlation among the[] elements" of robbery and held "the offense is not robbery unless the [intent to steal] was conceived *before or at the time* the violence was committed." Id. at 94-95, 300 S.E.2d at 759 (emphasis added). Because the evidence in

---

[3] Although Maryland prescribes a more severe punishment for the commission of robbery with a deadly weapon, compare Md. Code Ann. Crim. Law § 486 (now § 3-402), with Md. Code Ann. Crim. Law § 488 (now § 3-403), this fact has no substantive impact on our analysis.

[4] Therefore, we need not consider appellant's claim that the statutes are not substantially similar because Maryland law, in contrast to Virginia law, permits conviction where a defendant uses force or violence merely to retain property already stolen.

Branch "negate[d] any inference that [the defendant] had conceived an intent to rob at the time he shot his victim," for which he was convicted of second-degree murder, the Court held the evidence was insufficient as a matter of law to support his conviction for robbery.  Id. at 93, 95-96, 300 S.E.2d at 758, 760.

We applied the holding of Branch in Shepperson v. Commonwealth, 19 Va. App. 586, 454 S.E.2d 5 (1995), which involved a first-degree murder conviction, ruling that "[i]f [the defendant] killed [the victim] intending to steal his property, the theft was robbery.  If [the defendant] killed [the victim] only for a purpose unrelated to theft, and *as an afterthought* decided to steal his property, the theft was larceny."  Id. at 592, 454 S.E.2d at 8 (emphasis added) (citing Branch, 225 Va. at 95-96, 300 S.E.2d at 759-60).

In Maryland, by contrast, the state's highest court has repeatedly made clear that "[i]f the force precedes the taking, the intent to steal need not coincide with the force."  Stebbing v. State, 473 A.2d 903, 915 (Md. 1984).  That court has expressly adopted "the majority rule," which it described as providing that robbery does not "'require . . . the defendant's violence-or-intimidation acts be done for the very purpose of taking the victim's property'" and that it is "'enough that he takes advantage of a situation which he created for some other purpose.'"  Id. at 914 (quoting Wayne R. LaFave & Austin W. Scott, Criminal Law § 94, at 701-02 (1972)).  See generally 3 Wayne R. LaFave, Substantive Criminal Law § 20.3(e), at 191-93 (2d ed. 2003 & Supp. 2012-2013) (discussing common law positions regarding "afterthought" robbery and the impact of statutory modifications).  Applying these principles in Stebbing, the court held that even "if the evidence in the instant case compelled the conclusion that [the defendant's] intent in subduing and choking [the victim] was *only* to assist in rape and sodomy, and that the intent to steal was not formed until *after* the force had resulted in [the victim's] death, the taking and asportation of [the victim's] belongings would still be robbery."

473 A.2d at 913-14 (emphases added); see also Ball v. State, 699 A.2d 1170, 1185 (Md. 1997) (characterizing Stebbing as holding that the "taking and asportation of property constitutes robbery even where [the] intent to steal is not formed until after [the] application of force resulting in death").  The court clarified further that it did not link its decision on this issue to the fact that the case involved a murder.  Stebbing, 473 A.2d at 915.  To the contrary, the court observed as follows:

> [T]here must be an intent to steal at the time of the taking.  If the force precedes the taking, the intent to steal need not coincide with the force.  It is sufficient if there be force followed by a taking with intent to steal as part of the same general occurrence or episode. *Even if* the force results in death, a taking and asportation after death is nevertheless robbery.

Id. (emphasis added).  In so stating, the court made clear that the offense is robbery *whether or not* the force results in death.

Applying these principles again in Metheny v. State, 755 A.2d 1088 (Md. 2000), Maryland's highest court specifically referred to the occurrence as an "afterthought" robbery, explaining as follows:

> Stebbing is an exception to the general requirement that the intent to commit a crime accompany a forbidden act.  This ["afterthought"] exception . . . is justified, in part, because a felon who applies force to neutralize a victim should be held responsible for that action if the felon *later* decides to take advantage of the situation by robbing the victim.  In essence, we have allowed, in such circumstances, for a constructive concurrence of the force and intent to steal at the time of the taking.

Id. at 1105, 1111 (emphasis added) (citation omitted).  The court therefore affirmed the robbery conviction of the defendant, who raped and killed the victim, buried the body, and then "buried her clothing and purse at a separate location."  Id.; see also Allen v. State, 857 A.2d 101, 129 (Md. Ct. Spec. App. 2004) (discussing Metheny), aff'd on other grounds, 875 A.2d 724 (Md. 2005).

These cases confirm appellant's assertion that the crime of robbery in Maryland is not "substantially similar" to the crime of robbery in Virginia. In Maryland, in cases not involving capital or felony murder, a defendant can be convicted of an afterthought robbery.[5] See Allen, 857 A.2d at 129; Metheny, 755 A.2d at 1105, 1111; Stebbing, 473 A.2d at 915. Virginia's appellate courts, by contrast, have expressly rejected the notion of robbery as an afterthought crime in the non-capital murder context.[6] See Branch, 225 Va. at 94-96, 300 S.E.2d at 759-60; Shepperson, 19 Va. App. at 592, 454 S.E.2d at 8 (noting the record did not indicate whether the jury based the defendant's first-degree murder conviction on a finding of premeditation or felony murder). Thus, based on a comparison of the elements of the crimes in these two states,

---

[5] In Metheny and Allen, Maryland's highest court adopted what it referred to as "the majority view" with regard to felony and capital murder, holding that a robbery committed merely as an afterthought failed to establish the requisite causal connection to the murder necessary to support a conviction for felony or capital murder. Metheny, 755 A.2d at 1110-12, 1117-19 (capital murder); see Allen, 875 A.2d at 730, 732 (felony murder). It rejected the minority view, which it referred to as providing that the requisite connection is established "when the intent to commit the [robbery] arises after the killing if there is a continuity of action or if the killing is part of the same occurrence or episode as the felony." Metheny, 755 A.2d 1117-18. See generally 2 LaFave, supra, § 14.5(f)(4) (discussing the split of authority on this issue).

[6] The Commonwealth relies on the decisions in Pope v. Commonwealth, 234 Va. 114, 360 S.E.2d 352 (1987), and Briley v. Commonwealth, 221 Va. 532, 273 S.E.2d 48 (1980). Neither Pope nor Briley, both of which involved capital murder convictions, supports the position the Commonwealth advances. The evidence in each of those cases proved an *ongoing* crime rather than an *afterthought* offense. See Pope, 234 Va. at 118-19, 124-25, 360 S.E.2d at 355, 359 (involving evidence of a theft that occurred before or simultaneously with the application of force and supported a finding that the defendant had an ongoing larcenous intent throughout his encounter with the victims); Briley, 221 Va. at 540-44, 273 S.E.2d at 53-56 (holding as a matter of law that if a robbery occurred, it began when the defendant took the victim's keys and continued until the victim was killed because, even though the defendant had custody of the goods, they remained in the victim's constructive legal possession); see also Anderson v. Commonwealth, 48 Va. App. 704, 717-18, 634 S.E.2d 372, 378-79 (2006) (holding the evidence supported a finding that the defendant committed robbery by intimidation when, upon concluding "his violent rape [and sodomy] of [the victim]," he "demanded her money," because the fact finder could conclude from this evidence that the "rape and forcible sodomy . . . intimidated [the victim] into submitting to his demand for money"), aff'd on other grounds, 274 Va. 469, 650 S.E.2d 702 (2007) (not including a challenge to the Court of Appeals' ruling on the intimidation issue).

appellant could have been convicted in Maryland of behavior which would not have been a crime in Virginia,[7] which compels the conclusion that the offenses were not substantially similar for purposes of Code § 19.2-297.1. See Turner, 38 Va. App. at 860, 568 S.E.2d at 472; Cox, 13 Va. App. at 330-31, 411 S.E.2d at 446.

### III.

For these reasons, we reverse appellant's convictions for robbery, a third or subsequent offense pursuant to Code § 19.2-297.1, and remand for a new trial.[8]

Reversed and remanded.

---

[7] It matters not that this rule was not articulated in Maryland's common law until 1984, the year following appellant's first predicate robbery conviction in that state. Under settled principles, we apply to issues of substantive law the "'Blackstonian view[] that judges . . . find law'" rather than "'make [it]'" and, thus, that "'[j]udicial declaration of law is merely a statement of what the law has always been.'" Herrera v. Commonwealth, 24 Va. App. 490, 494, 483 S.E.2d 492, 494 (1997) (quoting Cash v. Califano, 621 F.2d 626, 628 (4th Cir. 1980)).

[8] Assuming without deciding the trial court would have authority on remand of these jury trial convictions to resentence appellant without retrial if both parties consented, but see Code § 19.2-295.1 (expressly providing such authority only where the jury's "sentence imposed pursuant to this section is subsequently set aside or found invalid *solely due to an error in the sentencing proceeding*" (emphasis added)), nevertheless, here, we may "not remand solely for imposition of a new sentence on the lesser offense . . . because . . . both parties have not consented to that relief," Britt v. Commonwealth, 276 Va. 569, 576, 667 S.E.2d 763, 766-67 (2008) (vacating conviction for grand larceny and remanding for retrial on lesser-included offense of petit larceny); Commonwealth v. South, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006) (vacating conviction for felony assault and battery and remanding for resentencing on lesser-included offense of misdemeanor assault and battery based on the agreement of both parties to that remedy).