COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia

TRAER RAMON TISDALE

v.      Record No. 2138-14-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY GRACE O'BRIEN
NOVEMBER 17, 2015

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Charles E. Haden for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Traer Tisdale ("appellant") was charged with first-degree murder by lying in wait, in

violation of Code § 18.2-32. Prior to trial, the Commonwealth filed a motion to exclude any

evidence of appellant's alleged intoxication at the time of the offense. The trial court granted the

motion, and appellant entered a conditional plea of guilty to the murder charge.[1] Appellant

challenges his first-degree murder conviction and asserts that

> [t]he trial court erred in sustaining the Commonwealth's motion in
> limine precluding Tisdale from presenting evidence of intoxication
> to support his contention that the charge of first-degree murder
> should be reduced to second-degree murder, and erred in denying
> Tisdale's motion in limine seeking to present intoxication evidence
> on the issue of Tisdale's premeditation or lack thereof.

Finding no error, we affirm the trial court's ruling.

---

[1] Appellant also pled guilty to maliciously shooting into an occupied vehicle, in violation
of Code § 18.2-154, use of a firearm in the commission of murder, in violation of Code
§ 18.2-53.1, and possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2.
However, this appeal only addresses the murder charge.

PUBLISHED

# I.  BACKGROUND

On November 27, 2012, Lekeia Griffin drove up to her residence in the City of Hampton. Her four daughters, ages 5, 8, 10, and 12, were with her.  When Griffin and her daughters got out of the car, one of the girls saw appellant, Griffin's former boyfriend, coming from a wooded area across the street from her residence.  She yelled:  "There's Traer!"  Griffin directed the girls to get back into the car.  Appellant approached the driver's side of the vehicle.  He said, "I'm supposed to be your only [boyfriend]" and began to shoot at Griffin.  As appellant opened fire, Griffin screamed for her children to get out of the car.  They ran for safety, and Griffin attempted to drive away, but traveled only a short distance due to her severe injuries.

A police lieutenant responded to a call and found Griffin, who had sustained five gunshot wounds and was covered in blood.  Griffin told him that she had been shot, she was going to die, and appellant was the person who shot her.  Griffin later died at a local hospital.

Appellant eventually turned himself in.  Following his arrest, he gave an inculpatory statement to the police.  He admitted that he waited across the street from Griffin's home and, once she pulled in the driveway, he approached her and shot her numerous times.

On February 27, 2014, the Commonwealth filed a motion *in limine* seeking to bar the admission of any evidence of appellant's voluntary intoxication at the time of the offense.  The Commonwealth argued that first-degree murder by lying in wait is a different offense than first-degree murder by premeditation.  The Commonwealth asserted that because premeditation is not an element of first-degree murder by lying in wait, any evidence of voluntary intoxication offered to negate premeditation would be irrelevant.  The court granted the Commonwealth's motion.

## II. ANALYSIS

### A. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed using an abuse of discretion standard. "[O]n appeal, '[we] will not disturb [the court's] decision . . . absent a finding of abuse of that discretion.'" Mason v. Commonwealth, 64 Va. App. 599, 605, 770 S.E.2d 224, 227 (2015) (quoting Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012)). However, a trial "'court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Dean, 61 Va. App. at 213, 734 S.E.2d at 675 (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)). Therefore, "to the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review." Id.; see also Dillsworth v. Commonwealth, 62 Va. App. 93, 96, 741 S.E.2d 818, 819 (2013).

### B. Admissibility of Intoxication Evidence

Appellant was charged with first-degree murder in violation of Code § 18.2-32. He was indicted for the specific offense of first-degree murder by "lying in wait," one of the six enumerated categories of first-degree murder. Appellant contends that the trial court erred by granting the Commonwealth's motion to exclude any evidence of his alleged intoxication at the time of the offense.

At the outset, we note that evidence is admissible at trial if it is both relevant and material. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "'[E]vidence is relevant if it tends to establish the proposition for which it is offered.' Evidence is material if it relates to a matter properly at issue." Id. (quoting Charles E. Friend, The Law of Evidence in Virginia § 134 (2d ed. 1983)). Thus, appellant argues that evidence of his

intoxication was relevant to negate the element of premeditation. According to appellant, if the jury found that he was voluntarily intoxicated at the time of the crime, he could only be convicted of second-degree murder, not first-degree murder. We disagree.

"Generally, voluntary intoxication is not an excuse for any crime." Wright v. Commonwealth, 234 Va. 627, 629, 363 S.E.2d 711, 712 (1988) (citing Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 870 (1871)). To date, Virginia courts have held that "Virginia recognizes only one exception to this rule: voluntary intoxication can negate the deliberation and premeditation required for first degree murder." Id. Appellant urges us to adopt a second, heretofore unrecognized exception, for murder by lying in wait. Voluntary intoxication is only relevant to the issue of premeditation if the defendant is charged with first-degree murder based on a *premeditated*, malicious killing. Herbin v. Commonwealth, 28 Va. App. 173, 183-84, 503 S.E.2d 226, 231 (1998). Thus, "[t]he defendant may [only] negate the specific intent requisite for capital or first-degree murder by showing that he was so greatly intoxicated as to be incapable of deliberation or premeditation," and thereby reduce the conviction from first-degree murder to second-degree murder. Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984).

While all murders, both first and second degree, require proof of malice, not all first-degree murders require proof of premeditation. Code § 18.2-32 provides that

> [m]urder, other than capital murder, by poison, lying in wait, imprisonment, starving, *or* by any willful, deliberate, and premeditated killing, *or* in the commission of, or attempt to commit, arson, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony.

(Emphasis added). This disjunctive list sets out three types of first-degree murder: "those usually called 'enumerated' crimes (murder by poison, by lying in wait, imprisonment or

- 4 -

starvation); those committed as a result of willful, deliberate premeditation; and those murders committed in the commission of or attempt to commit specified felonies of violence." John L. Costello, Virginia Criminal Law & Procedure § 3.4, at 46 (3d ed. 2002).

The three separate classes of first-degree murders were described by the Supreme Court in Commonwealth v. Jones, 28 Va. (1 Leigh) 598, 611 (1829). In that case, the Court noted that, not only does murder by lying in wait not require premeditation, the crime may occur even without an intent to kill, such as when a defendant lies in wait with intent to inflict serious injury. Id.; see also Howell v. Commonwealth, 67 Va. (26 Gratt.) 995, 997 (1875) (explaining that murder committed by any of the specific means enumerated in the statute is murder in the first degree, regardless of whether there was an actual intent to kill).[2]

Code § 18.2-32, which defines first-degree murder, is written in the disjunctive. The various, distinct classes of first-degree murder are separated by the word "or." When analyzing a statute, courts apply its plain meaning "'unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" Baker v. Commonwealth, 284 Va. 572, 576, 733

---

[2] The first-degree murder statute in effect at the time of these cases is nearly identical to the current statute. The 1829 statute read:

> All murder which, shall be perpetuated by means of poison, or by lying in wait, or by duress of imprisonment or confinement, or by starving, or by willful, malicious and excessive whipping, beating or other cruel treatment or torture, or by any other kind of willful, deliberate or premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate, any arson, rape, robbery or burglary, shall henceforth be deemed murder in the first degree. And all other kinds of murder shall be deemed murder of the second degree.

1829 Va. Acts ch. 171, § 1.

The statute in effect in 1875 read: "Murder by poison, lying in wait, imprisonment, starving, or any willful, deliberate and premeditated killing, or in the commission of, or attempt to commit arson, rape, robbery, or burglary, is murder of the first degree. All other murder is murder in the second degree." 1875 Va. Acts ch. 187, § 1.

S.E.2d 642, 644 (2012) (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)).  More fundamentally, we are not at liberty to rewrite the statute.

> When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language.  Thus, when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed.

Lee Cty. v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002) (citations omitted).  The language of Code § 18.2-32 is plain and unambiguous.

First-degree murder by lying in wait is an enumerated type of murder, listed disjunctively from those killings that are willful, deliberate, and premeditated.  Murder by lying in wait does not require proof of premeditation.  Premeditated murder is a separate class of first-degree murder.  Therefore, evidence of voluntary intoxication as a defense to premeditation is irrelevant to a charge of murder by lying in wait because the Commonwealth was not required to prove premeditation.

Because the intoxication evidence was irrelevant to the elements of the charge, the trial court did not abuse its discretion in ruling that such evidence should be excluded.  See Claytor v. Commonwealth, 62 Va. App. 644, 655-56, 751 S.E.2d 686, 691 (2013) (holding that trial court did not abuse its discretion in not allowing defendant to present evidence of his subjective belief regarding his status as habitual offender because his belief was irrelevant to offense of driving as habitual offender); Morgan v. Commonwealth, 50 Va. App. 120, 131, 646 S.E.2d 899, 905 (2007) (affirming trial court's ruling not to allow defendant to present evidence to support "settled insanity" defense because defendant conceded his insanity was not permanent).

The elements of the offense charged in the indictment against appellant are that he "unlawfully and feloniously did kill and murder Lekeia Griffin by lying in wait in violation of Code § 18.2-32."  Premeditation was not an element of this first-degree murder charge.

Accordingly, we find that the trial court did not abuse its discretion in excluding evidence of voluntary intoxication offered to rebut premeditation.

## III. CONCLUSION

For the foregoing reasons, the conviction is affirmed.

<u>Affirmed.</u>