UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Russell and AtLee
Argued at Fredericksburg, Virginia


ROBERT LEROY MOORE, IV

MEMORANDUM OPINION[*] BY
v.        Record No. 0706-15-4            JUDGE WESLEY G. RUSSELL, JR.
JULY 19, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Alison G. Powers, Assistant Public Defender, for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Robert Leroy Moore, IV, appellant, was convicted of pandering in violation of

Code § 18.2-357 and attempted pandering in violation of Code §§ 18.2-357 and 18.2-26.[1]  On

appeal, he argues that at sentencing the trial court erred in considering a recorded telephone

conversation between appellant and Karla Severiche that appellant made from jail.[2]  Specifically,

he contends that the recording was irrelevant to the determination of an appropriate sentence for

appellant.[3]  For the reasons that follow, we affirm the judgment of the circuit court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant entered Alford pleas pursuant to North Carolina v. Alford, 400 U.S. 25
(1970).

[2] Appellant is in a romantic relationship with Ms. Severiche.  Appellant is the father of
four of Ms. Severiche's children.

[3] On appeal, appellant raises for the first time the argument that it was error for the circuit
court to consider the jailhouse conversation recording because the trial court never "formally
admitted" the recording into evidence.  Appellant concedes that the only contemporaneous
objection raised to the consideration of the recording was the objection that it was irrelevant.

BACKGROUND

After the trial court accepted appellant's <u>Alford</u> pleas to charges of pandering and attempted pandering, the Commonwealth summarized the evidence. In May of 2014, appellant met A.R. at the store where he worked. A.R., then twenty-two years old, had been declared mentally incapacitated by a circuit court and her parents had been appointed as guardians. She was adopted from Russia and suffers from post-traumatic stress disorder and other ailments originating in childhood. She also has a very low I.Q.

Appellant's relationship with A.R. began as flirtatious and ultimately developed into a sexual one. Appellant told A.R. he needed money and that she could help him. As a result, from May 8 through May 20, 2014, appellant took A.R. to a hotel where she would engage in acts of prostitution with others. Appellant received the proceeds from these transactions.

In time, A.R.'s parents became suspicious and discovered A.R.'s picture in an advertisement for escort services. They contacted their local police department, and the officers responded to A.R.'s advertisement in an undercover capacity. While undercover, Detective Fox

---

Even if we were to assume that, despite the fact that the parties argued extensively about the circuit court's consideration of it and the weight it should be given, the circuit court was required to acknowledge and formalize the admission of the recording as an exhibit by the use of "magic words," the issue is not before us because it was not raised below. Rule 5A:18. Appellant acknowledged at oral argument that raising this issue below would have amounted to "inviting the court to admit it." Thus, appellant concedes that a contemporaneous objection would have allowed the circuit court to correct the alleged error, which is the purpose of requiring a contemporaneous objection. See Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989) (explaining the purpose of the rule is to ensure that any perceived error by the trial court is "promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. . ."). Finally, we note that appellant conceded at oral argument that, if the recording were relevant, there would be no other problem with its admission into evidence and ultimate consideration by the trial court. Given our holding regarding the relevance of the recording, this conclusively establishes that any alleged error regarding the alleged failure to admit the recording formally into evidence is harmless.

learned that A.R. had been prostituting for appellant, who told her what prices to charge, drove her to all her appointments, and kept all of the money she earned.

Appellant was arrested and initially denied that he was involved with any prostitution. He then claimed he and A.R. were boyfriend and girlfriend. A subsequent search of his cell phone and text communications revealed that he communicated nightly with A.R. through text messages regarding the need to make money and what to charge for specific sexual acts.

The trial court accepted appellant's pleas, found appellant guilty, and continued the matter for sentencing. Before sentencing, the parties independently sent the judge materials that each wished the court to consider at sentencing.[4] Included in the Commonwealth's submission was a CD recording of a telephone conversation between appellant (in jail) and Ms. Severiche about a letter he was writing to the trial judge in her name.[5] The letter was an attempt to support appellant's claim that the victim did not have any type of disability or disadvantage.

Counsel for appellant thereafter sent a letter to the judge asking that the court refrain from listening to the recording. "Counsel contends that this filing is not relevant as the letter referenced in the filing was not submitted on behalf of Mr. Moore in counsel's sentencing packet." At sentencing, the judge indicated that he had listened to the recording before he read counsel's letter, but that he felt it was relevant and would have listened to it despite counsel's request.

During sentencing, appellant's counsel stated that Ms. Severiche sent a letter of support to appellant and that they were rewriting the letter together, "incorporating both of their ideas." Counsel further argued that "I still maintain that it is not relevant, but since the Court has listened

---

[4] Opposing counsel received a copy of the other party's submission to the judge at the time the submission was sent to the judge.

[5] Appellant concedes that the recording is of a conversation he had with Ms. Severiche. He argues that he was merely offering editing assistance as opposed to authoring the letter.

to that, I did want to compare - - I did want to explain what she explained to me since she's not able to be here today." The court then made it clear that it never received a letter from Ms. Severiche.

In pronouncing sentence, the circuit court gave a detailed explanation of the multitude of factors it considered in arriving at the appropriate punishment. One of the factors identified by the circuit court was the jailhouse recording, which the circuit court felt demonstrated appellant's "effort to mislead this Court by having someone submit a letter to the Court pretending it is from [someone else] when it is actually written in whole or in part by the Defendant." The circuit court imposed a sentence of five years incarceration with three years suspended.

ANALYSIS

A trial court's decision to admit or exclude evidence is reviewed using an abuse of discretion standard. Tisdale v. Commonwealth, 65 Va. App. 478, 481, 778 S.E.2d 554, 555 (2015). "[O]n appeal, '[we] will not disturb [the court's] decision . . . absent a finding of abuse of that discretion.'" Mason v. Commonwealth, 64 Va. App. 599, 605, 770 S.E.2d 224, 227 (2015) (quoting Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012)).

Evidence is admissible at trial if it is both relevant and material. Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "'[E]vidence is relevant if it tends to establish the proposition for which it is offered.' Evidence is material if it relates to a matter properly at issue." Id. (quoting Charles E. Friend, The Law of Evidence in Virginia § 134 (2d ed. 1983)). Given the standard of review, "a great deal must necessarily be left to the discretion of the court of trial, in determining whether evidence is relevant to the issue or not." John Crane, Inc. v. Jones, 274 Va. 581, 590, 650 S.E.2d 851, 855 (2007) (internal quotation marks omitted).

The latitude given to trial courts regarding the admission of evidence during trial is even greater at sentencing after guilt already has been determined. Because a "sentencing hearing before a judge is not a criminal trial," a sentencing judge "exercise[s] wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." Smith v. Commonwealth, 52 Va. App. 26, 30-31, 660 S.E.2d 691, 693 (2008) (quoting McClain v. Commonwealth, 189 Va. 847, 859-60, 55 S.E.2d 49, 55 (1949)). "[The sentencing] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." Brown v. City of Danville, 44 Va. App. 586, 607, 606 S.E.2d 523, 536 (2004) (quoting United States v. Tucker, 404 U.S. 443, 446 (1972)).

> "[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime *and to the convicted person's life and characteristics*."

Harris v. Commonwealth, 26 Va. App. 794, 807-08, 497 S.E.2d 165, 171 (1998) (emphasis added) (quoting Williams v. Oklahoma, 358 U.S. 576, 584 (1959)).

Thus, there is no dispute that it was appropriate for the circuit court to consider letters submitted on appellant's behalf. Although such letters provide little information about the facts of the crime, they provide background about appellant and the context from which his criminal acts arose. Appellant submitted letters from his mother and two aunts and certainly maintains that the information contained in those letters is relevant to sentencing.

Given that the contents of such letters are relevant, a defendant's willingness to subvert the process by surreptitiously writing or editing such letters is equally relevant. As the circuit

court expressly found, such efforts can constitute an "effort to mislead th[e] Court"[6] and reasonably call into question a defendant's remorse, recognition of the serious nature of his offenses, and the weight to be given to the letters that were submitted on his behalf.

That appellant ultimately chose not to submit the letter that was the subject of the jailhouse recording does not change the analysis in any meaningful way. The mere attempt and willingness to take steps to surreptitiously influence the process, even if not successfully carried out regarding this particular letter, give rise to the negative inferences detailed above. As such, we cannot say that the circuit court abused its discretion in considering the jailhouse recording in determining the appropriate sentence for appellant.

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in listening to and considering the contents of the jailhouse recording. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

---

[6] Appellant argues that the circuit court's conclusion that his actions described in the jailhouse recording were nefarious was unwarranted and that more benign conclusions can be drawn regarding his editing activities. Based on the record, we cannot say that the conclusion drawn by the circuit court is without evidence to support it.