COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia

BARRY NELSON THOMAS, JR.

                                  MEMORANDUM OPINION[*] BY
v.      Record No. 0992-15-2        JUDGE MARY BENNETT MALVEAUX
                                     AUGUST 16, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

David S. Clements (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Barry Nelson Thomas, Jr. ("appellant") was convicted by a jury of three misdemeanors:

driving on a suspended license with two prior offenses in violation of Code § 46.2-301; falsely

identifying himself to a law enforcement officer in violation of Code § 19.2-82.1; and failing to

wear a safety belt in violation of Code § 46.2-1094. On appeal, he contends that the trial court

violated his rights under Article 1, Sections 8 and 16 of the Constitution of Virginia by granting

the Commonwealth's motion *in limine* and denying him the opportunity to explain to the jury his

use of "El" at the end of his given name.

## I. BACKGROUND

On the afternoon of April 2, 2014, while driving in Chesterfield County, appellant

approached within 150 feet of a police traffic checkpoint before turning and driving away.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer John Bowry pursued and stopped appellant. The officer asked him for his license and registration, but appellant did not provide Bowry with a registration card or any identification. Appellant stated that he did not have a license, so Bowry asked him for his name and social security number. Appellant replied that "his name was Barry Thomas-El and that his social [security number] was 00000."

Bowry attempted to obtain appellant's DMV information using the name he provided, but "nothing came back in reference to [that] information." In response to several further requests for identifying information, appellant continued to state "that his name was Barry Thomas-El, same exact social [security number] he provided the first time." Unable to identify appellant from the name or social security number he provided, Bowry arrested appellant. Based on appellant's fingerprints, Bowry identified him as Barry Nelson Thomas, Jr. and discovered a valid social security number assigned to that name. Appellant was charged with five misdemeanor offenses: driving while license suspended or revoked, in violation of Code § 46.2-301; giving a false identity to a law enforcement officer, in violation of Code § 19.2-82.1; use of identification documents or identifying information of another to avoid summons, arrest, prosecution, or to impede a criminal investigation, in violation of Code § 18.2-186.3(B1); driving a motor vehicle without wearing a safety belt, in violation of Code § 46.2-1094; and making an illegal U-turn, in violation of Code § 46.2-845. On August 27, 2014, appellant was tried in general district court and convicted of all charges. He appealed his convictions to the circuit court.

Prior to proceedings in the circuit court, appellant filed a notarized "Affidavit of Fact" stating he is "Barry Thomas-EL . . . a Moorish-American National" and that "[t]he Treaty of Peace and Friendship of 1787 signed by Sultan of Morocco and George Washington . . . establishes my nation and verifies my citizenship." He accompanied this affidavit with a copy of

said treaty printed from the internet.  Appellant later filed an additional "Affidavit of Fact" averring he is "[i]n Propria Persona . . . Barry Thomas-El . . . a Moorish American-National with Ex-relation to BARRY N. THOMAS JR to the land mass called North America . . . by birthright affirmed by: The Zodiac Constitution."  This affidavit also was accompanied by a copy of the 1787 treaty.

On May 1, 2015, the Commonwealth filed a motion *in limine* to exclude "evidence or argument concerning any matters contained in the documents filed with [the court] including but not limited to his claimed status as a 'Moorish American-National.'"  The Commonwealth represented that appellant would attempt to present a "sovereign citizen" defense which the Commonwealth argued "has no basis in law and should not be presented to the jury."

At a May 18, 2015 hearing on the motion, appellant's counsel argued he would not present a sovereign citizen defense, but a defense based on Moorish-American religious beliefs.  He claimed that use of an "El" suffix was an act of free exercise of religion under Article I, Section 16 of the Constitution of Virginia.  Further, appellant argued that the evidence regarding his use of the suffix would demonstrate a lack of intent to deceive or evade the legal process, and that the invalid social security number he provided was "his exercise of a polite way to basically do nothing."  At the hearing, appellant also proffered Moorish Science Temple "Nationality and Identification Card[s]" dated 2009 and 2014 and bearing the name "B. Thomas-El."  Counsel for appellant maintained that "based upon his choice of religion and his freedom of religion, he gets . . . to explain it to his tryer [sic] of fact as to why he presented [that] name."  Further, "he needs to explain it to the jury as to why he offers the El and that goes into his belief . . . based upon that religion."

After hearing arguments and examining the documents, the court found that the documents were not religious in nature.  The court denied appellant's request to admit the

documents. The court further noted that appellant's status as "a Moorish American national" was not a recognized legal defense and that any evidence related to this claim "would be confusing, irrelevant and not admissible to any defense."

In a May 20, 2015 jury trial, appellant was found guilty of driving on a suspended license with two prior offenses, in violation of Code § 46.2-301, falsely identifying himself to a law enforcement officer, in violation of Code § 19.2-82.1, and failing to wear a safety belt, in violation of Code § 46.2-1094.[1] Appellant appeals his convictions to this Court.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in granting the Commonwealth's motion *in limine* to exclude evidence concerning his use of the suffix "El," which violated his right to call for evidence in his favor during a criminal prosecution under Article I, Section 8 of the Constitution of Virginia, and his right to free exercise of religion under Article I, Section 16 of the Constitution of Virginia. For the following reasons, we find no merit to appellant's argument.

## A. Article I, Section 8

On appeal, appellant argues that his right to call for evidence in his favor under Article I, Section 8 of the Constitution of Virginia was violated when he was not allowed to explain to the jury his use of "El" in his name. Article I, Section 8 provides, in pertinent part, that in criminal prosecutions, the accused has the right "to call for evidence in his favor." Here, appellant failed to argue at trial, and thus preserve for review, that his right to call for evidence under Article I, Section 8 of the Constitution of Virginia was violated. This Court "will not consider an argument on appeal which was not presented to the trial court." Correll v. Commonwealth, 42

---

[1] At the motion hearing, the trial court granted the Commonwealth's motion to *nolle prosequi* the charge of making an illegal U-turn in violation of Code § 46.2-845.

Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) (quoting <u>Ohree v. Commonwealth</u>, 26 Va. App.

299, 308, 494 S.E.2d 484, 488 (1998)).  <u>See also</u> Rule 5A:18.  "Under settled principles, 'the

same argument must have been raised, with specificity, at trial before it can be considered on

appeal.'" <u>Johnson v. Commonwealth</u>, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011)

(quoting <u>Correll</u>, 42 Va. App. at 324, 591 S.E.2d at 719).  Further, "[m]aking one specific

argument on an issue does not preserve a separate legal point on the same issue for review."

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

At no point during the motion hearing or at trial did appellant raise "with specificity" an

argument based upon Article I, Section 8.  Appellant's two arguments at the hearing both

referenced the right to free exercise of religion under Article I, Section 16 of the Constitution of

Virginia.[2]  Throughout the proceeding, appellant consistently based his argument on his right to

use the name Barry Thomas-El as a matter of free exercise, rather than articulating a claim under

Article I, Section 8.  Therefore, we hold that appellant failed to preserve for review his claim that

his right to call for evidence in his favor was violated under Article I, Section 8 of the

Constitution of Virginia.

### B.  Article I, Section 16

Appellant also argues that the trial court's exclusion of his evidence about "being a

Moorish American national" violated his free exercise rights under Article I, Section 16 of the

---

[2] Appellant's counsel did make two statements that "based upon his choice of religion and his freedom of religion, he gets . . . to explain it to his tryer [sic] of fact as to why he presented the name Barry Thomas El" and that "I think he needs to explain it to the jury as to why he offers the El and that goes into his belief . . . based upon [his] religion."  However, these vague, generalized references to a right to present favorable evidence do not cure appellant's failure to assert his constitutional Section 8 claims "with specificity" in the hearing or at trial. <u>See</u> <u>Juniper v. Commonwealth</u>, 271 Va. 362, 387, 626 S.E.2d 383, 400 (2006) (holding that appellant who failed to assert his Confrontation Clause claims at trial waived those claims for purposes of appeal, since "a general assertion of a due process violation in the trial court is insufficient to preserve this argument . . .").

Constitution of Virginia. This claim, with respect to appellant's proffered testimony, is procedurally barred on appeal. His argument concerning the proffered documents is one of evidentiary admission rather than of a violation of a constitutional right, and we find that the trial court's exclusion of this evidence by granting the Commonwealth's motion *in limine* was not an abuse of discretion.

1. Proffered Testimony

At the motion *in limine* hearing, appellant's counsel argued that adding the suffix "El" to appellant's name was an act of free exercise noting his "rebirth" within the Moorish American community. Counsel for appellant argued, "To me it's tied to his religion. . . . [W]hy he offers the El . . . goes into his belief and why he thinks he can add a suffix to his name based upon that religion." However, appellant's counsel failed to properly proffer what appellant's testimony would have been at trial.

In Virginia, an appellate court "will not consider testimony excluded by the trial court without a proper showing of what that testimony might have been. When testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Commonwealth Transp. Comm'r v. Target Corp., 274 Va. 341, 348, 650 S.E.2d 92, 96 (2007) (citation omitted) (quoting Rose v. Jaques, 268 Va. 137, 154, 597 S.E.2d 64, 74 (2004)). Without such a proffer, we "cannot determine the admissibility of the proposed testimony, and, if admissible, whether the court's exclusion of the evidence prejudiced [the party]." Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006) (quoting Holles v. Sunrise Terrace, 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999)). "The failure to proffer the expected testimony is fatal to [one's] claim on appeal," because "even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance' [whether] the lower court committed prejudicial

- 6 -

error." Tynes v. Commonwealth, 49 Va. App. 17, 21-22, 635 S.E.2d 688, 690 (2006) (citation omitted) (quoting Smith v. Hylton, 14 Va. App. 354, 358, 416 S.E.2d 712, 715 (1992)).

An effective proffer requires that "the substance of the evidence was made known to the [trial] court." Va. R. Evid. 2:103(a)(2). This Court "can perform [an] examination [of excluded evidence] only when the proponent proffers the 'testimony he expected to elicit,' rather than merely his theory of the case." Tynes, 49 Va. App. at 21, 635 S.E.2d at 690 (quoting Claggett v. Commonwealth, 252 Va. 79, 95, 472 S.E.2d 263, 272 (1996)). When testimony is rejected before it is delivered, "a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977). However, "absent such acquiescence or stipulation," this Court "will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record . . . ." Id.

Here, appellant did not directly proffer what his trial testimony would have been by offering that testimony to the court in the absence of the jury. Nor was there a mutual stipulation of appellant's expected testimony. While appellant's counsel unilaterally avowed what appellant's testimony would have been, that avowal was not made without challenge; the Commonwealth disputed the substance of appellant's anticipated testimony by arguing appellant would offer a "sovereign citizen" defense rather than constitutional arguments. Without the detail and substance of appellant's proposed testimony properly before us, this Court has no basis for adjudicating whether the trial court properly excluded appellant's testimony about the nexus of his religious beliefs, his right of free exercise, and the false identification he gave to police. See Commonwealth Transp. Comm'r, 274 Va. at 348, 650 S.E.2d at 96. Because appellant insufficiently proffered his excluded testimony, we are unable to determine on appeal the propriety of the exclusion of that testimony.

2. Proffered Documents

In support of appellant's free exercise of religion claim under Article 1, Section 16, appellant proffered multiple documents related to his claim to Moorish-American nationality. Although appellant alleges error in the trial court's exclusion of this evidence in constitutional terms, his argument regarding the proffered documents does not involve an actual free exercise claim. Here, the proffered documents were determined by the trial court to be political, rather than religious, in nature. We agree. The documents offered speak to the appellant's Moorish-American nationality and not his religious beliefs.[3]

As the proffered documents do not involve a constitutional claim, we review their exclusion for abuse of discretion, as we do for all issues concerning the admission of evidence. Tisdale v. Commonwealth, 65 Va. App. 478, 481, 778 S.E.2d 554, 555 (2015). "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal" in the absence of such an abuse. Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Appellant's proffered documents were subject to the rules governing relevance, admissibility, and exclusion. See Va. R. Evid. 2:401, 2:402(a), 2:403(a). All relevant evidence –

_____

[3] Mere invocation of constitutional rights will not transform an evidentiary dispute into a constitutional question, for while a state "may not apply a rule of evidence that permits a witness to take the stand, but arbitrarily excludes material portions of his testimony," there are nevertheless "[n]umerous state procedural and evidentiary rules . . . control[ling] the presentation of evidence [that] do not offend the defendant's right to testify." Rock v. Arkansas, 483 U.S. 44, 56 n.11 (1987). While "few rights are more fundamental than that of an accused to present [testimony] in his own defense[,] [i]n the exercise of this right, the accused, as is required of the State, must comply with the established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt or innocence." Chambers v. Mississippi, 410 U.S. 284, 302 (1973) (citations omitted). Thus, individuals are not constitutionally entitled to present *any* evidence they wish and must be governed by rules of evidence, which themselves are presumptively constitutional. See Anthony v. Commonwealth, 142 Va. 577, 581, 128 S.E. 633, 634 (1925) ("The General Assembly is vested with absolute power to pass any law not in conflict with the State or Federal Constitution. Every act is presumed to be constitutional . . . ."); see also Code § 8.01-3 (authorizing the Supreme Court of Virginia to "prepare rules of evidence").

"evidence having any tendency to make the existence of any fact in issue more probable or less probable that it would be without the evidence" – is admissible. Va. R. Evid. 2:401; Va. R. Evid. 2:402(a). Irrelevant evidence is not admissible, nor is relevant evidence if its "probative value . . . is substantially outweighed by . . . its likelihood of confusing or misleading the trier of fact." Va. R. Evid. 2:402(a); Va. R. Evid. 2:403(a).

The documents themselves do not support the appellant's argument that his religion requires him to use the suffix "El." As the documents are political, rather than religious, in nature, they lack any tendency to make the existence of a religious imperative more or less probable. As such, they are irrelevant and thus not admissible. See Va. R. Evid. 2:401; Va. R. Evid. 2:402(a). Even if relevant, any probative value of appellant's excluded documents concerning Moorish-American nationality would have been substantially outweighed by the documents' likelihood of confusing or misleading the jury. See Va. R. Evid. 2:403(a). At the motion hearing, appellant was unable to offer a clear explanation of how, exactly, Moorish-American nationality and religious beliefs necessitated his provision of a false name and spurious social security number to police. Nothing in the record suggests that appellant would have provided the jury with a cogent or coherent explanation of the relationship between Moorish-American identity, use of the suffix "El," and a cognizable defense to the charge of providing a law enforcement officer with a false identity with intent to deceive.

In excluding appellant's evidence on motion, the trial court carefully considered "relevant factor[s] that should have been given significant weight," did not give significant weight to "irrelevant or improper factor[s]," and considered and weighed all proper factors without "commit[ing] a clear error of judgment." Shebelskie v. Brown, 287 Va. 18, 26, 752 S.E.2d 877, 882 (2014) (quoting Lawlor v. Commonwealth, 285 Va. 187, 213, 738 S.E.2d 847, 861 (2013) (explaining the three principal ways by which a court excluding evidence abuses its discretion)).

In ruling in favor of the Commonwealth's motion *in limine*, the trial court did not abuse its discretion.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's ruling on the Commonwealth's motion *in limine*.

<u>Affirmed.</u>