Present:  All the Justices

DOUGLAS ALBERT JACCARD

v.  Record No. 031507

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE LAWRENCE L. KOONTZ, JR.
June 10, 2004

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether evidence of a prior probation revocation is admissible in the penalty determination phase of a bifurcated criminal jury trial as part of "the record of conviction" of the defendant's "prior criminal convictions" pursuant to Code § 19.2-295.1.

On July 15, 2002, the grand jury of Wythe County indicted Douglas Albert Jaccard on a charge of malicious wounding in violation of Code § 18.2-51.  Prior to his trial on that indictment in the Circuit Court of Wythe County, the Commonwealth provided Jaccard with notice of its intention to introduce evidence of his prior criminal convictions during the penalty determination phase of the trial in accord with the requirements of Code § 19.2-295.1.  The notice listed five criminal convictions on two separate dates, all in the Circuit Court of Wythe County.

Jaccard was tried before a jury on September 4, 2002. After the jury returned its verdict finding Jaccard guilty of malicious wounding, the penalty determination phase of the trial

immediately commenced.  The Commonwealth sought to introduce into evidence certified records of Jaccard's five prior criminal convictions and "a probation revocation conviction."  Jaccard's counsel objected to the introduction of evidence of the probation revocation, stating:  "A history of his prior convictions is certainly proper at this point but a probation revocation proceeding [is] not a conviction."  The trial court responded that "a violation of probation is an offense" and overruled the objection.

The jury sentenced Jaccard to ten years of imprisonment and a fine of $30,000.  The trial court imposed the jury's sentence in a final order dated November 12, 2002.  Jaccard appealed his conviction to the Court of Appeals of Virginia.  In an unpublished order dated May 28, 2003, the Court of Appeals refused Jaccard's petition for appeal, citing <u>Merritt v. Commonwealth</u>, 32 Va. App. 506, 528 S.E.2d 743 (2000).  We awarded Jaccard this appeal.

In relevant part, Code § 19.2-295.1 provides that:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.  At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction . . . .

In Merritt, addressing the application of Code § 19.2-295.1, the Court of Appeals held that "[a] probation violation is not itself a criminal conviction.  It is, however, a continuation and part of the sentencing process imposed for a criminal conviction and is, thus, admissible as part of the sentence imposed for the prior conviction."  Merritt, 32 Va. App. at 509, 528 S.E.2d at 744.

Although neither Jaccard nor the Commonwealth cites them in support of their positions in this appeal, we are of opinion that two of our decisions rendered subsequent to Merritt guide our resolution of this appeal.  In Green v. Commonwealth, 263 Va. 191, 557 S.E.2d 230 (2002), we considered whether an appeal from a circuit court order revoking a defendant's probation initially lies within the jurisdiction of this Court or the Court of Appeals.  Id. at 192, 557 S.E.2d at 231.  We concluded that the Court of Appeals initially has jurisdiction in probation revocation appeals.  In reaching that conclusion, we held that "[a]lthough a probation revocation hearing is not a stage of a criminal prosecution, and thus does not afford a convict all rights attending a criminal prosecution, such revocation hearing is nevertheless a criminal proceeding."  263 Va. at 195-96, 557 S.E.2d at 233 (citation omitted).

3

Subsequently, following the Court of Appeals decision in the present case, we applied our decision in Green in Commonwealth v. Jackson, 267 Va. 226, 590 S.E.2d 518 (2004). In doing so, we expressly stated that "[o]ur decision in Green overrules any implication to the contrary in Merritt" that a probation revocation proceeding is a continuation of the prior criminal conviction. Id. at 229, 590 S.E.2d at 519. The issue we considered in Jackson was whether a trial judge, who had served as Commonwealth's Attorney at the trial in which the suspended sentence and terms of probation were imposed, was required to recuse himself from the subsequent probation revocation proceeding. Because the initial trial and the subsequent probation revocation proceeding were not the same proceeding, we held that the issue of recusal was properly within the discretion of the trial judge. Id. at 229-30, 590 S.E.2d at 520.

While we did not expressly address the issue raised in Merritt regarding the admissibility of a probation violation in either Green or Jackson, it is nonetheless certain that the Court of Appeals' stated rationale for the holding in Merritt has been rejected by this Court. Moreover, we are of the opinion that a probation revocation is not a criminal conviction and, accordingly, we hold that a probation revocation is not

4

part of the "record of conviction" contemplated by the provisions of Code § 19.2-295.1.  Thus, we further hold that the record of Jaccard's probation revocation was not admissible in the penalty determination phase of his criminal jury trial.  In reaching this holding, we now expressly overrule <u>Merritt</u>.

For these reasons, the judgment of the Court of Appeals will be reversed, the sentence imposed upon Jaccard will be set aside, and the case remanded to the Court of Appeals with direction to remand the case to the trial court for a new sentencing hearing.

<u>Reversed and remanded</u>.