COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Chief Judge Huff, Judges Humphreys and O'Brien
Argued at Fredericksburg, Virginia


DONALD DRAVELL ROBINSON

                                                    OPINION BY
v.       Record No. 1923-16-4          CHIEF JUDGE GLEN A. HUFF
                                                    APRIL 3, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Rachel D. Robinson, Assistant Public Defender (Elizabeth Jean
Lancaster, Deputy Public Defender, on briefs), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Donald Dravell Robinson ("appellant") appeals the sentence imposed by the Circuit

Court of Loudoun County ("trial court") after his conviction for possession of a Schedule I or II

controlled substance in violation of Code § 18.2-250. Appellant's sole assignment of error is

that the trial court erred "in admitting the sentencing order from the Fairfax County Circuit Court

as such order included information about a charge for which Mr. Robinson was not convicted."

For the following reasons, this Court affirms the sentence imposed by the trial court.

I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed,

the evidence is as follows.

A Loudoun County Sheriff's deputy arrested appellant for public intoxication on May 22, 2015, and a search incident to arrest revealed drug paraphernalia and a substance later determined to be cocaine. Appellant was tried by a jury on charges of public intoxication and possession of a Schedule I or II controlled substance. While the jury deliberated on the question of appellant's guilt, counsel for both parties and the trial court discussed exhibits the Commonwealth intended to admit during the sentencing phase.

The prosecutor expressed his intention to introduce evidence of four prior convictions, including one from Fairfax County. Defense counsel objected to the admission of the Fairfax County order unless it was redacted to remove "any reference to the charge that he was charged with but not convicted of." The order in question referenced the fact that the Commonwealth had indicted appellant for felony grand larceny, but later amended the indictment to reduce the charge to petit larceny. Appellant pled guilty and was convicted on that lesser charge. The prosecutor argued that the entire, unredacted final order should be admitted in compliance with Code § 19.2-295.1. Appellant's counsel argued that leaving information about the felony charge would be "misleading" to the jury. The trial court overruled appellant's objection and admitted the final order in its entirety. The jury ultimately found appellant guilty of possession of a controlled substance, but not guilty of public intoxication.

Neither side called any witnesses during sentencing, but both sides argued for what they thought were appropriate sentences. After pointing out that the sentencing range for appellant's conviction was one to ten years of incarceration, the Commonwealth requested a sentence of two years. Appellant's counsel argued that a sentence over twelve months would be excessive and asked the jury to limit appellant's punishment to a fine. After a brief deliberation, the jury delivered a verdict fixing appellant's sentence at twelve months' incarceration and a $2,500 fine. The trial court imposed the jury's sentence, and this appeal followed.

## II.  STANDARD OF REVIEW

Courts in Virginia have long recognized that "[t]he scope of testimony in the sentencing phase is wide, and the standard for exclusion of relevant evidence is whether the prejudicial effect substantially outweighs its probative value.  This is a matter of discretion for the circuit court and is . . . reviewed [for] abuse of discretion . . . ."  Prieto v. Commonwealth, 283 Va. 149, 168, 721 S.E.2d 484, 496 (2012) (citation omitted).  Under this standard, the trial judge's ruling "will not be reversed simply because an appellate court disagrees."  Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 754 (1982)), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).  Instead, "[o]nly when reasonable jurists could not differ can [this Court] say an abuse of discretion has occurred."  Id.  A trial court, however, "by definition abuses its discretion when it makes an error of law."  Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)).  Therefore, any abuse of discretion review must ensure "that the discretion was not guided by erroneous legal conclusions."  Id. (quoting Porter, 276 Va. at 260, 661 S.E.2d at 445).  "To the extent admissibility rests upon the interpretation of a statute, that interpretation is a question of law subject to *de novo* review."  Id. (quoting Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011)).

## III.  ANALYSIS

Appellant contends that the trial court abused its discretion by admitting evidence of a prior charge that did not result in a conviction and that references to that charge should have been redacted from the order admitted into evidence during the sentencing phase of his trial.  The Commonwealth counters that Code § 19.2-295.1 allows it to introduce copies of final orders of

appellant's prior convictions in their entirety.[1]  Based upon the plain language of the statute in question, this Court agrees with the Commonwealth.

Code § 19.2-295.1 directs that when a defendant is convicted by a jury for either a felony or a Class 1 misdemeanor, the same jury shall decide the defendant's punishment in a separate proceeding to be held as soon as practicable.  At that proceeding, the Commonwealth "shall present the defendant's prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order . . . ."  Code § 19.2-295.1.

The language of a statute "is ambiguous if it admits of being understood in more than one way, refers to two or more things simultaneously, is difficult to comprehend . . . or lacks clearness and definiteness."  Gillespie v. Commonwealth, 272 Va. 753, 757-58, 636 S.E.2d 430, 432 (2006) (superseded by statute on other grounds).  If a statute is unambiguous, however, this Court will "apply the plain meaning of the language appearing in the statute unless . . . [doing so] leads to an absurd result."  Harvey v. Commonwealth, 65 Va. App. 280, 285, 777 S.E.2d 231, 234 (2015) (quoting Commonwealth v. Amos, 287 Va. 301, 305-06, 754 S.E.2d 304, 306-07 (2014)).  "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction."  Gilliam v. Commonwealth, 21 Va. App. 519, 522-23, 465 S.E.2d 592, 594 (1996) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

Appellant contends that Code § 19.2-295.1 limits evidence at sentencing to convictions, relying on this Court's interpretation of the statute in Byrd v. Commonwealth, 30 Va. App. 371, 375, 517 S.E.2d 243, 245 (1999) (holding that juries may not see evidence of charges that were *nolle prosequied*, because they were not convictions).  Appellant further notes that the Supreme

---

[1] The Commonwealth also argued that any error in admitting the order in question was harmless based on the light sentence recommended by the jury.  Because we find no error, we need not address the issue further.

Court reversed this Court's decision to allow evidence about probation revocations, finding such evidence inadmissible during sentencing because the revocations were not part of the "record of conviction." Jaccard v. Commonwealth, 268 Va. 56, 59, 597 S.E.2d 30, 31 (2004). Appellant's argument fails, however, because these cases all interpret an outdated version of the statute.

When interpreted in both Byrd and Jaccard, the statute read that the Commonwealth must present evidence of the defendant's "*prior convictions*" to the jury during the sentencing phase, by entering copies of "the *record of conviction*" into evidence. Code § 19.2-295.1 (2001) (emphasis added). In 2007, however, the General Assembly amended the statute and made a significant change to this sentence. "As a general rule, a presumption exists that a substantive change in law was intended by an amendment to an existing statute." Commonwealth v. Bruhn, 264 Va. 597, 602, 570 S.E.2d 866, 869 (2002) (quoting Virginia-American Water Co. v. Prince William County Service Authority, 246 Va. 509, 517, 436 S.E.2d 618, 622-23 (1993)).

The General Assembly's amendment in 2007 added clarity to the statute. See Jaccard, 268 Va. at 59, 597 S.E.2d at 31 (interpreting the meaning of the phrase "record of conviction" in the statute's earlier version). The current statute, as amended, requires presentation of "the defendant's prior *criminal history*, including prior convictions and the punishments imposed . . . by certified, attested or exemplified copies of the final order." Code § 19.2-295.1 (emphasis added). The amendment, therefore, broadens the scope of materials to be presented to the jury and specifies that such materials are to include the contents of the final orders. Accordingly, this Court finds the amended statute unambiguous. Because the new language is unambiguous, this Court looks to the plain meaning of the statute to decide the question at hand.

In this case, the Commonwealth offered into evidence a certified copy of the final order of the Circuit Court of Fairfax County convicting appellant of petit larceny. Appellant asked the trial court to redact parts of the order mentioning that appellant was previously charged with

grand larceny, because he was not convicted of that charge. The plain language of the statute mentions no need to shield the jury from such information if it is part of the final order, and this Court will not add such a requirement because "courts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." Young v. Commonwealth, 273 Va. 528, 534, 643 S.E.2d 491, 494 (2007). Furthermore, the fact that he was charged with grand larceny is part of appellant's criminal history, which the statute requires the Commonwealth to present. See Code § 19.2-295.1 ("[t]he Commonwealth *shall* present evidence of the defendant's criminal history . . ." (emphasis added)). Interpreting the statute to require admission of evidence of criminal history, while simultaneously requiring any history not resulting in a conviction to be redacted would render the statute internally inconsistent and yield an absurd result. See Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004) (noting that Virginia "case law uses the phrase 'absurd result' to describe situations in which the law would be internally inconsistent or otherwise incapable of operation"). The trial court's interpretation of the statute was in accordance with traditional canons of statutory interpretation. Accordingly, its decision to admit the unredacted final order of appellant's 2005 conviction was within its sound discretion and will not be disturbed on appeal.

## IV. CONCLUSION

Because the trial court did not abuse its discretion by admitting the unredacted final order from the Circuit Court of Fairfax County, this Court affirms appellant's sentence.

Affirmed.