COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judge O'Brien and Senior Judge Haley
Argued at Richmond, Virginia


DANNY MYLER

MEMORANDUM OPINION* BY
v.        Record No. 1104-21-2          JUDGE JAMES W. HALEY, JR.
OCTOBER 18, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
T. J. Hauler, Judge Designate

Todd M. Ritter (Hill & Rainey, on brief), for appellant.

Robin M. Nagel, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted appellant of petit larceny, third or subsequent offense. He asserts that the

trial court erred by denying his motion *in limine* to exclude evidence from his "NCIC and/or VCIN

criminal record where the Commonwealth did not have certified copies of [his] prior convictions for

larceny." Appellant also challenges the sufficiency of the evidence supporting his conviction,

asserting that it failed to prove he "took and carried away property with the intent to steal." For the

following reasons, we affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.

Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). On December 3, 2020, Sean Wade was working as a loss prevention officer at

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Walmart when he saw appellant place two televisions in his shopping cart.[1] Wade followed

appellant as he left the electronics department and walked to the front of the store. Appellant

continued through the self-checkout area and approached the customer service desk. After

speaking briefly with the customer service associate, appellant walked toward the store exit,

again passing all of the checkout registers. Upon reaching the exit, appellant encountered an

"asset protection host" who requested the purchase receipts for the televisions. Wade, who was

standing immediately behind appellant, heard him tell the "asset protection host" that he had

"just left customer service" and "tried to return them" unsuccessfully.

Wade confronted appellant and escorted him to the back of the store. Once they reached

the asset protection office, Wade related his observations to appellant and asked him "why did he

do it." Appellant answered that "he was trying to pay his rent." When Officer Brandon Cherry

arrived at the store, dispatch informed Cherry that appellant had four prior larceny convictions in

his "VCIN NCIC" record. Cherry asked appellant about the convictions, and appellant admitted

that he "[had been] in trouble before . . . for larceny." Cherry arrested appellant and charged him

with petit larceny, third or subsequent offense.

At trial, Cherry testified that dispatch obtained appellant's criminal history from his

"VCIN NCIC." He explained that the "Virginia Criminal Information Network" consisted of

"law enforcement sensitive data, criminal history eval[uation]s on a person, et cetera." Cherry

agreed that he was "familiar with these printouts" and utilized them "almost every day" in his

work. He identified appellant's VCIN record, stressing that he was familiar with "criminal

---

[1] Portions of the record in this case were sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignment of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

histor[ies]" "from his training and experience dealing with [them]." Cherry testified that he knew that the criminal history presented to him belonged to appellant because it bore appellant's name and date of birth. He also confirmed that the four larceny convictions communicated to him by dispatch appeared on appellant's VCIN record: two larceny convictions in 1985 and two larceny convictions in 2005. The trial court admitted the VCIN report into evidence over appellant's objection.

At the conclusion of the evidence, appellant moved to strike the evidence, asserting that the Commonwealth had failed to prove that he had "tak[en] [the televisions] away out of the store" or that he possessed the intent to steal them. The trial court denied the motion, noting that a rational fact finder could determine an intent to steal from appellant's statement to the greeter that he had just attempted to return the televisions. The trial court instructed the jury that it could not consider appellant's prior larceny convictions in determining his guilt. The jury convicted appellant of petit larceny, third or subsequent offense, and sentenced him to twelve months in jail with six months suspended. This appeal followed.

ANALYSIS

*A. Motion in Limine*

Before trial, appellant filed a motion *in limine* seeking to prevent the Commonwealth from "present[ing] [his] National Crime Information Center (NCIC) report to prove [his] prior larceny convictions." In his motion, he asserted that he anticipated that the Commonwealth would offer his NCIC report "to prove his prior larceny convictions instead of certified copies of his previous convictions." Appellant maintained that the report constituted inadmissible hearsay. He also argued that the Commonwealth had no witnesses to establish the "trustworthiness" of the report.

The Commonwealth filed a written response stating appellant had argued "only certified copies of final conviction orders c[ould] be used to prove prior larceny convictions" and that the NCIC report was inadmissible hearsay.[2] The Commonwealth stressed that appellant's "prior larceny convictions [we]re misdemeanor offenses . . . finalized in Petersburg General District Court on September 12, 2005[,] [and that] [t]he General District Court Clerk . . . ha[d] confirmed that those records [had been] destroyed" in accordance with Code § 16.1-69.55, a statute authorizing the destruction of records after ten years. The Commonwealth asserted that it could prove appellant's prior convictions through any competent evidence. It stressed that NCIC reports were reliable because Code § 19.2-390 requires the clerks of circuit courts to report dispositions of criminal offenses, including misdemeanors punishable by incarceration in jail. The Commonwealth asserted that the NCIC records were admissible under either the hearsay exception for public records or the hearsay exception for business records.

Following a hearing, the trial court ruled that "the issue here goes to the weight to be afforded to the NCIC or VCIN document as opposed to admissibility." It concluded that certified copies of appellant's prior convictions were not required to establish predicate larceny offenses under Code § 18.2-104 and that the VCIN and NCIC reports constituted "relevant, trustworthy, and competent" proof of the convictions. Accordingly, the trial court denied appellant's motion without expressly addressing appellant's hearsay objection.

On the day of trial, appellant renewed his motion. Appellant stressed that the Commonwealth had no witnesses present who could testify to the criminal history information entered into the NCIC system or that "the records in the NCIC report were routinely used and

---

[2] Appellant also asserted that the NCIC report was inadmissible because it failed to state whether he was represented by counsel in connection with the prior convictions; however, that argument is not before us on appeal.

- 4 -

relied upon by the state police in the regular course of business." The trial court again denied appellant's motion, noting that "the issue goes to the weight . . . , not the admissibility."

On appeal, appellant contends that the trial court erred by denying his motion for three reasons. He asserts that "the NCIC/VCIN print-out . . . was inadmissible hearsay[,] . . . not properly authenticated, [and] violated [his] right to confrontation." Appellant maintains that no hearsay exception justified the admission of "the document."

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)). "This standard, if nothing else, means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Thomas v. Commonwealth*, 44 Va. App. 741, 753 (quoting Henry J. Friendly, *Indiscretion about Discretion*, 31 Emory L.J. 747, 754 (1982)), *adopted upon reh'g en banc*, 45 Va. App. 811 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Turner v. Commonwealth*, 65 Va. App. 312, 327 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "A trial court . . . 'by definition abuses its discretion when it makes an error of law.'" *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018) (quoting *Dean v. Commonwealth*, 61 Va. App. 209, 213 (2012)). Thus, "evidentiary issues presenting a 'question of law' are 'reviewed *de novo* by this Court.'" *Abney v. Commonwealth*, 51 Va. App. 337, 345 (2008) (quoting *Michels*, 47 Va. App. at 465).

### 1. Confrontation Clause

Appellant cites *Crawford v. Washington*, 541 U.S. 36 (2004), for the principle that testimonial evidence is inadmissible unless a defendant has been afforded the opportunity for confrontation and cross-examination. He asserts that he was unable "to cross-examine any

witness with personal knowledge of the alleged convictions, nor . . . any witness with a knowledge of the particular process by which such criminal convictions ultimately make it into a NCIC/VCIN record." Nothing in the record demonstrates, however, that appellant argued below that admission of the NCIC/VCIN report violated his Confrontation Clause rights.[3] Although he invoked the Sixth Amendment in his motion, he focused on whether the NCIC/VCIN report demonstrated that he was represented by counsel in connection with his prior larceny convictions. Appellant did not refer to the Confrontation Clause.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "Of critical importance in this case is the principle that '[n]ot just any objection will do.'" *Jones v. Commonwealth*, 71 Va. App. 597, 606 (2020) (quoting *Bethea*, 297 Va. at 743). Instead, a trial court must be alerted to the precise issue to which a party objects. *Kelly v. Commonwealth*, 42 Va. App. 347, 354 (2004). "Although

---

[3] Guided by *Crawford*, 541 U.S. at 68, we have held that "business records are not testimonial 'by their nature.'" *Jasper v. Commonwealth*, 49 Va. App. 749, 755 (2007) (quoting *Michels*, 47 Va. App. at 466); *see also Boone v. Commonwealth*, 63 Va. App. 383, 389-91 (2014) (recognizing that a DMV database printout summarizing court orders was not "testimonial" because they were "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009))).

Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010). Accordingly, appellant has waived his Confrontation Clause argument.

## 2. *Hearsay*

Appellant maintains that the NCIC/VCIN "document[4] was inadmissible hearsay[.]" He contends that "the trial court relied on the purported exception under [Code] § 19.2-390[5] to admit [his] criminal record report." Appellant asserts that "[t]he trial court erred by leaping to the conclusion that this statute constituted an independent exception to the rules of evidence governing hearsay, authentication, and the law governing the defendant's right to confrontation."[6] He stresses that, if the legislature had intended to include a hearsay exception in the statute, it could have done so, but it did not.

"Hearsay 'is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule . . . .'" *Melick v. Commonwealth*, 69 Va. App. 122, 133 (2018) (quoting *McDowell*

---

[4] Appellant does not specifically challenge Cherry's testimony regarding appellant's prior larceny convictions, but as that testimony was based on the NCIC/VCIN report, we shall assume that his argument encompasses that testimony.

[5] Code § 19.2-390 states in pertinent part:

> [T]he clerk of each circuit court and district court shall make an electronic report to the Central Criminal Records Exchange of (i) any . . . conviction . . . as to, any person charged with an offense listed in subsection A . . . .

Misdemeanors are included among the offenses listed in Code § 19.2-390(A). Although Code § 19.2-390 was amended, effective July 1, 2021, the amendments did not alter the clerk's duty to report misdemeanor convictions.

[6] Although appellant's assignment of error focuses on "the lack of certified copies" of his criminal history, it also cites the trial court's denial of his motion *in limine*. As appellant's motion included a hearsay objection, we conclude that his assignment of error encompasses his hearsay argument.

*v. Commonwealth*, 48 Va. App. 104, 109 (2006)). "As with most evidentiary questions, '[w]hether an adequate foundation has been laid for a hearsay exception involves an exercise of discretion by the trial court.'" *Id.* at 134 (quoting *Joyce v. Commonwealth*, 56 Va. App. 646, 663 (2010)). "The burden of establishing that a statement or document . . . falls within a recognized [hearsay] exception . . . [lies with] the proponent of the statement or document." *Id.* at 133. "Further, the measure of the burden of proof with respect to factual questions underlying the admissibility of evidence is proof by a preponderance of the evidence." *Adjei v. Commonwealth*, 63 Va. App. 727, 738 (2014) (quoting *Witt v. Commonwealth*, 215 Va. 670, 674 (1975)).

Here, the Commonwealth argued below that the NCIC/VCIN report was admissible under the hearsay exceptions for public records and business records. Significantly, appellant cites nothing in the record supporting his assertion that the trial court denied his motion based on a "new hearsay exception" in Code § 19.2-390. To the contrary, the trial court did not identify the hearsay exception upon which it relied in reaching its decision. "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." *Barkley v. Commonwealth*, 39 Va. App. 682, 690 (2003) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)).

Our Supreme Court has held that a NCIC printout is admissible under the business records exception, so long as an adequate foundation is laid. *Frye v. Commonwealth*, 231 Va. 370, 387-88 (1986). The Supreme Court ruled that, "where verification of the recorded facts [i.e., convictions] is not possible through the personal knowledge of the record keeper, practical necessity nevertheless requires admission of recorded evidence which has a circumstantial guarantee of trustworthiness." *Id.* at 387. In *Cooper v. Commonwealth*, 54 Va. App. 558 (2009), we reiterated that, "[a]pplying the business records exception, *Frye* specifically addressed the admissibility of NCIC reports and clearly held that . . . [a]ssuming a proper foundation has been

laid, . . . [a] 'NCIC printout . . . comes within the [business records] exception.'" *Id.* at 570-71

(quoting *Frye*, 231 Va. at 387). Based on *Frye*, we held that the trial court did not err by

admitting a NCIC report under the business records exception. *Id.* at 567.

Thus, "absent clear evidence to the contrary," we presume that the trial court admitted the

NCIC report under the business records exception. *Barkley*, 39 Va. App. at 690. Cherry testified

that he was familiar with NCIC reports and utilized them "almost every day" in his work. He

stressed that he was familiar with "criminal histories" "from his training and experience" and

specifically identified appellant's NCIC report, as well as confirming that the report reflected the

four larceny convictions communicated to Cherry by dispatch. *Cf. Frye*, 231 Va. at 387 (NCIC

report admissible under business record exception where dispatcher "testified that records of the

NCIC are routinely used and relied on by the Virginia State Police in the regular course of

business"). Appellant's sole foundation argument is that the NCIC printout was not certified, not

that Cherry lacked personal knowledge of the convictions recited therein. Therefore, we

conclude that the NCIC report was properly admitted under the hearsay exception for business

records.

### *3. Authentication*

Appellant maintains that the trial court erred by admitting the NCIC/VCIN report because

it "was not properly authenticated." In his assignment of error, appellant contends that the trial

court erred by admitting the NCIC/VCIN report "where the Commonwealth did not have

*certified copies* of [his] prior convictions for larceny." (Emphasis added). In his argument, he

stresses that Code § 19.2-295.1[7] requires "*certified, attested or exemplified copies*" of final

---

[7] Code § 19.2-295.1 stated in pertinent part:

> In cases of trial by jury, upon a finding that the defendant is guilty
> of a felony or a Class 1 misdemeanor . . . a separate proceeding
> limited to the ascertainment of punishment shall be held as soon as

conviction orders during sentencing proceedings; therefore, he reasons that "an absurd result would result from allowing the Commonwealth to introduce a NCIC/VCIN criminal report in . . . the guilt/innocence phase of trial, only to be specifically precluded from introducing such [a] record during the sentencing phase[.]" Thus, although appellant does not contest the accuracy of the NCIC/VCIN report, he asserts that the NCIC/VCIN report had to be authenticated "by a judicial official." We disagree.

Other than Code § 19.2-295.1, appellant cites no statute in support of his argument. We find no merit in his assertion that requiring certified copies of convictions during the sentencing phase of trial, but not the guilt phase, leads to "an absurd result." "The phrase 'absurd result' has a specific meaning in our jurisprudence[,] . . . describ[ing] situations in which the law would be internally inconsistent or otherwise incapable of operation." *Chaffins v. Atl. Coast Pipeline, LLC*, 293 Va. 564, 570 (2017) (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 n.9 (2006)). Here, the authentication requirements for business records are not "incapable of operation." Although appellant's argument does not address it, Code § 8.01-390.3 provides a number of methods for authenticating an otherwise admissible business record, including witness testimony, certification, or a combination of the two. *See also* Code § 8.01-391 (establishing authentication requirements for copies of documents); *Spruill v. Garcia*, 298 Va. 120, 125 (2019) (holding that copies of medical records were not properly authenticated under Code § 8.01-391(D)). Accordingly, we find no merit in appellant's assertion that the NCIC/VCIN report was not properly authenticated because it was not certified by a judicial official.

---

practicable before the same jury. At such proceeding, the Commonwealth . . . shall present the defendant's prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency.

- 10 -

## B. Sufficiency

Appellant contends that the evidence was insufficient to support his conviction because it failed to prove that he "took and carried away property with the intent to steal." Specifically, he maintains that the evidence did not establish that he possessed larcenous intent "coupled with asportation of the televisions at issue." Appellant emphasizes that he "had not reached the point of 'no return' [in the store] that would have conclusively established his intent to steal." He stresses that he possessed a debit card, "suggesting" that he had the capacity to pay for the televisions. He also notes that he did not flee or fail to cooperate when he was confronted.

Larceny is a common law crime involving "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Creamer v. Commonwealth*, 64 Va. App. 185, 205 (2015) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). "Stated simply, larceny requires that there be a taking and asportation of the seized goods, coupled with an intent to steal those goods." *Carter*, 280 Va. at 105 (citing *Britt v. Commonwealth*, 276 Va. 569, 575 (2008)). "A trespassory taking is a taking or removal of possession of property from the owner with felonious intent." *Id.* at 106 (citing *Richards v. Commonwealth*, 54 Va. (13 Gratt.) 803, 806 (1856)). "A violation of the owner's possessory right constitutes a trespassory taking." *Otey v. Commonwealth*, 71 Va. App. 792, 799 (2020) (quoting *Overstreet v. Commonwealth*, 17 Va. App. 234, 236 (1993)).

"[E]very customer in a self-service store has implied permission to move merchandise, placed on open display, unconcealed about the premises of the store." *Carter*, 280 Va. at 106. Consequently, "the trespassory taking and carrying away of the merchandise of another does not usually occur at such a store when the property is moved on the premises." *Id.* Nevertheless,

- 11 -

when a customer engages in "some conduct . . . which makes the customer's possession clearly *adverse* to the store, there is a trespassory taking." *Id.* (emphasis added).

Evidence that a defendant leaves a store with merchandise without having paid for it is sufficient to prove "a trespassory taking," but a defendant need not necessarily have left the premises in order for a rational fact finder to conclude that a trespassory taking has occurred. *Id.* (quoting Wayne R. LaFave, *Criminal Law*, § 19.2(i), at 979 (5th ed. 2010)). "Intent is a factual determination, and a trial court's decision on the question of intent is accorded great deference on appeal and will not be reversed unless clearly erroneous." *Towler v. Commonwealth*, 59 Va. App. 284, 297 (2011). "Circumstantial evidence is as acceptable to prove guilt as direct evidence, and in some cases, such as proof of intent or knowledge, it is practically the only method of proof." *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion [of guilt].'" *Rams v. Commonwealth*, 70 Va. App. 12, 37 (2019) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

Here, Wade observed appellant place two televisions in his cart and approach the customer service desk before heading toward the store exit. When a store employee asked for his receipt, appellant lied and stated that he had attempted to return them. Based on the circumstances, a rational fact finder could conclude that he was lying to conceal his guilt. *See Covil v. Commonwealth*, 268 Va. 692, 696 (2004) ("A false or evasive account is a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge."); *Williams v. Commonwealth*, 71 Va. App. 462, 486 (2020). Further, when Wade confronted appellant and asked why he "d[id] it," appellant admitted that he needed rent

money.  Viewed as a whole, the evidence was sufficient for a rational fact finder to conclude that appellant pretended to return the televisions before approaching the exit, thereby rendering his possession of them "adverse to the store," and that he did so with the intent to steal them. *Carter*, 280 Va. at 106.  Accordingly, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that appellant was guilty of petit larceny, third or subsequent offense.

## CONCLUSION

For the reasons stated herein, we affirm the trial court's judgment.

*Affirmed.*