COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, O'Brien and Lorish

QUENTIN J. RIFFLE, SOMETIMES KNOWN AS
 QUENTIN JOSHUA RIFFLE

                                                    MEMORANDUM OPINION*
v.        Record No. 0034-24-3                            PER CURIAM
                                                         MAY 27, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WISE COUNTY
Thomas W. Baker, Judge

(Gary Joe Kincade, on brief), for appellant.  Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Rebecca Johnson Hickey,
Assistant Attorney General, on brief), for appellee.


After he failed to complete successfully a court-ordered drug court program, the Circuit

Court of Wise County found Quentin J. Riffle in violation of the terms and conditions of his

probation.  The circuit court subsequently imposed a sentence of two years and six months of

incarceration on one of Riffle's counts and six months of incarceration on his other count, with the

imposed sentences to run concurrently.  On appeal, Riffle challenges the sentence imposed by the

circuit court.  He argues that the circuit court erred by (1) refusing to award him credit for the

time he spent participating in the drug court program; (2) failing to order that his sentence run

concurrently with the sentence imposed by the Circuit Court of Russell County; (3) sentencing

him to more than three years and three months of incarceration when considering the sentence of

the Circuit Court of Russell County; and (4) violating the double jeopardy clause.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

On May 3, 2013, upon his guilty plea, the circuit court convicted Riffle of two counts of distributing a Schedule II controlled substance, in violation of Code § 18.2-248. The circuit court sentenced Riffle to concurrent 12-year terms of incarceration for each offense, with 5 years and 9 months of each sentence suspended. The circuit court ordered Riffle to comply with "[t]hree years supervised probation to be followed by two years unsupervised probation" upon his release from incarceration. The circuit court also ordered that "[p]robation shall automatically extend if the defendant absconds."

Riffle's probation officer filed a major violation report dated September 18, 2018, along with an addendum dated May 16, 2019, alleging that Riffle had absconded from supervision and had failed to report for appointments with his probation officer. On October 2, 2019, upon his guilty plea, the circuit court found Riffle in violation of the terms and conditions of his probation. The circuit court imposed a sentence of two years and six months of incarceration, and it ordered that Riffle "shall continue on his current terms and conditions of supervision."

- 2 -

Riffle's probation officer then filed a major violation report dated March 17, 2022, alleging that Riffle had again absconded from supervision. After the circuit court issued a show cause for his failure to comply with the terms and conditions of his probation, Riffle asked the circuit court to take his sentence under advisement for one year so that he could complete the drug court program in Russell County, Virginia. By order entered on June 23, 2022, the circuit court agreed to Riffle's request, but it ordered that "[i]f the defendant does not successfully complete the Drug Court Program in Russell County, Virginia he shall be sentenced to three (3) years and three (3) months on these charges."

By letter dated December 20, 2022, the Russell County Drug Court Program notified Riffle's probation officer that Riffle had been dismissed from the program "due to failure to meet program requirements." Riffle's probation officer then filed a major violation report dated January 4, 2023, alleging that Riffle had failed to successfully complete the drug court program. At the revocation hearing on March 16, 2023, Riffle testified that the Circuit Court of Russell County had already sentenced him to two years of incarceration for failing to complete the drug court program. After asserting that Riffle "didn't understand the full consequences of" the circuit court's warning in 2022, Riffle's counsel asked the circuit court to sentence Riffle, if at all, to a term of two years of incarceration to run concurrently with his two-year sentence in Russell County.

By order entered on March 23, 2023, the circuit court found Riffle in violation of the terms and conditions of his probation. The circuit court imposed a sentence of two years and six months of incarceration on one count, and six months of incarceration on the other count, with the imposed sentences to run concurrently with each other.[1] However, the circuit court declined to run these

_____

[1] The attorney for the Commonwealth moved the circuit court to *nolle prosequi* Riffle's several additional pending violations.

imposed sentences concurrently with the sentence that had been imposed by the Circuit Court of Russell County. Riffle now appeals to this Court.

## II. ANALYSIS

### A. Whether There is Credit for Time Participating in the Drug Court Program

On appeal, Riffle argues that the circuit court "erred when it sentenced the Appellant without giving him credit for time spent in drug court."

Statutory interpretation presents a question of law that we review *de novo*. *Robinson v. Commonwealth*, 68 Va. App. 602, 606 (2018). A person sentenced to a term of confinement in a correctional facility must be given credit for "all time actually spent by the person in a state hospital for examination purposes or treatment prior to trial, [or] in a state or local correctional facility awaiting trial." Code § 53.1-187. "Such credit for time shall include any time spent in pretrial confinement or detention on separate, dismissed, or nolle prosequi charges that are from the same act as the violation for which the person is convicted and sentenced to a term of confinement." *Id.* However, Code § 53.1-187 explicitly excludes time "not actually spent in confinement or in detention." *Id.* Indeed, this Court has recognized that "[t]he language in Code § 53.1-187 is clear, unambiguous, and does not permit credit for time 'not actually spent in confinement or in detention.'" *Maryland v. Commonwealth*, 75 Va. App. 483, 488 (2022) (quoting Code § 53.1-187).

Code § 53.1-187 neither requires nor authorizes a circuit court to reduce a sentence, but the statute does require the circuit court to give credit for any time spent in pre-trial confinement. Code § 53.1-187 ("When entering the final order in any such case, the court shall provide that the person so convicted be given credit for the time so spent."). Furthermore, recovery courts—like the drug court program in Russell County—are neither "a state hospital" nor "a state or local correctional facility." *Id.* Rather, recovery courts are "specialized court dockets within the existing structure of Virginia's court system offering judicial monitoring of intensive treatment and strict

- 4 -

supervision of addicts in drug and drug-related cases." *Harris v. Commonwealth*, 279 Va. 541, 544 (2010) (quoting Code § 18.2-254.1(D)).

In this case, Riffle was not confined or detained within the meaning of Code § 53.1-187 during his time in the drug court program. Therefore, Riffle was not entitled to a credit for the time he spent participating in the drug court program, and the circuit court did not err in refusing to credit Riffle for that time.

### B. The Length of the Sentence

#### 1. *Whether the Sentence Should Run Concurrently with the Russell County Sentence*

Riffle also argues that the circuit court "erred when it ordered that the defendant's sentence run consecutive to the Russell County Order[,] . . . in spite of the fact that the [circuit court's] previous order on these charges said they should run concurrently." He contends that the agreed amended revocation order required the circuit court to order his sentence to run concurrently with the two-year sentence imposed by the Circuit Court of Russell County for an offense (or offenses) committed in that jurisdiction. He asks this Court "to consider this mistake and correct it for good cause shown or to meet the ends-of-justice" because his counsel "was not aware of" the agreed amended revocation order and therefore had no opportunity to object.

It is well settled that "[n]o ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Indeed, "[t]he purpose of Rule 5A:18 is 'to ensure that the [circuit] court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the [circuit] court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)). "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the [circuit court] judge . . . know[s] the

*particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (second and third alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

"[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal." Code § 8.01-384(A). This exception applies only in limited circumstances, such as when parties were physically absent from the courtroom at the time of a ruling or when a circuit court acted *sua sponte* and without a hearing. *Maxwell v. Commonwealth*, 287 Va. 258, 266-67 (2014); *Jacks v. Commonwealth*, 74 Va. App. 783, 792 (2022). In addition, this exception requires "good cause," which "relates to the reason why an objection was not stated at the time of the ruling." *Pope v. Commonwealth*, 60 Va. App. 486, 508 (2012) (quoting *Campbell v. Commonwealth*, 14 Va. App. 988, 996 (1992) (*en banc*)). This Court "may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the [circuit] court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)).

Here, Riffle and his counsel were present at the revocation hearing in the circuit court and had notice of the issue the circuit court was addressing. Furthermore, the agreed amended revocation order is a matter of record. *Cf. Hunter v. Commonwealth*, 15 Va. App. 717, 722 (1993) (noting that court orders are public records). Therefore, Riffle "did not lack the opportunity to make his objection to the allegedly improper" sentence. *Maxwell*, 287 Va. at 269.

To the extent that Riffle invokes the ends of justice exception to Rule 5A:18, it is well established that "'[t]he ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v.*

*Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (alteration and emphasis in original) (quoting *Redman*, 25 Va. App. at 221). "To demonstrate a miscarriage of justice, appellant 'must show that either the conduct for which he was convicted is not a criminal offense or that the record affirmatively establishes that an element of the offense did not occur.'" *Jiddou v. Commonwealth*, 71 Va. App. 353, 374 (2019) (quoting *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015)).

Multiple sentences are presumed to run consecutively unless the circuit court, in the exercise of its discretion, orders them to run concurrently. Code § 19.2-308; *Commonwealth v. Botkin*, 68 Va. App. 177, 180 (2017); *Brown v. Commonwealth*, 284 Va. 538, 542 (2012). There is no manifest injustice in ordering Riffle to serve part of a sentence that had been previously suspended and for which he had been afforded multiple opportunities for rehabilitation. Furthermore, Riffle does not dispute that he violated the terms and conditions of his probation or that the circuit court had the power to impose the sentence. Consequently, we do not disturb the circuit court's judgment ordering that Riffle serve his sentence consecutively with the sentence imposed in Russell County.[2] Rule 5A:18.

---

[2] For the same reasons, Riffle also did not preserve his appellate argument that he was entitled to a time-served credit under Code § 53.1-187 for his incarceration by the Circuit Court of Russell County, Rule 5A:18, and this Court "will not apply the exceptions *sua sponte*." *Burford v. Commonwealth*, 78 Va. App. 170, 184 (2023).

## 2. *The Revocation Sentence*

Riffle next argues that the circuit court "erred when it gave him three years on top of the two years Russell County sentenced him to because the time exceeded his three-year three-month agreement."

Subject to the sentencing revocation statutes, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the [circuit] court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). The record before this Court on appeal demonstrates that the revocation here was based on a second violation for absconding, which is treated as a third or subsequent technical violation for which the circuit court "may impose whatever sentence might have been originally imposed." Code § 19.2-306.1(C).

The Supreme Court has often stated, "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)). Indeed, the Supreme Court has "consistently held that the 'revocation of a suspended sentence lies in the discretion of the [circuit] court and that this discretion is quite broad.'" *Id.* (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). "[T]he [circuit] court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Nalls v. Commonwealth*, 79 Va. App. 712, 717 (2024) (first alteration in original) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

Here, the circuit court's June 23, 2022 deferral order did not reference Riffle's charges in the Circuit Court of Russell County, and the circuit court did not promise that its sentence would run concurrently with any sentence imposed by another jurisdiction. To the contrary, the deferral order warned that Riffle's failure to complete the drug court program would result in a sentence of three years and three months of incarceration "on these charges," which represented the balance of the suspended sentences in the circuit court. Furthermore, Riffle's active sentence of two years and six months of incarceration was actually *less* than the three years and three months of incarceration subject to revocation. Consequently, we certainly cannot say that the circuit court abused its broad sentencing discretion in this case.

## C. Double Jeopardy

Finally, Riffle argues that the circuit court "erred when it honored a defendant's promise contracting away his Constitutional right to due process when he did not understand the full consequences." He contends that the sentence imposed by the circuit court "would be in addition to the Russell County sentence if he failed to complete drug court in Russell County," and therefore violates the prohibition against double jeopardy.

As this Court has often stated, "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Indeed, when a circuit court suspends a sentence, the court "does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform." *Richardson v. Commonwealth*, 131 Va. 802, 810 (1921) (characterizing probation as a "free gift of the Commonwealth, and not a contract to relieve him from the punishment which fits his crime").

The double jeopardy clauses of the U.S. Constitution and the Virginia Constitution "protect against (1) a second prosecution for the same offense after acquittal, (2) a prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Commonwealth v. Hudgins*, 269 Va. 602, 604-05 (2005). "Whether there has been a double jeopardy violation presents a question of law requiring a de novo review." *Fullwood v. Commonwealth*, 279 Va. 531, 539 (2010). "While it is without doubt that some minimal procedural safeguards attach in a probation hearing setting, '[t]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment.'" *Green v. Commonwealth*, 65 Va. App. 524, 533 (2015) (alteration in original) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (observing that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be")). "A revocation of a suspended sentence does not involve multiple punishments for the same offense but rather the single punishment already imposed for the offense or offenses convicted of and the degree to which that punishment will be executed at a later time." *Id.* The circuit court here did not violate any double jeopardy protection. Furthermore, the circuit court's revocation of Riffle's previously suspended sentence was statutorily authorized.

### III. CONCLUSION

For all of the foregoing reasons, we do not disturb the circuit court's judgment.

*Affirmed.*